UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHEET METAL WORKERS LOCAL UNION NO. 71,
et al.,

                        Plaintiff,

            -vs-                                    03-CV-0705C(F)

HYDRAIR BALANCE COMPANY, INC.,
d/b/a HEALTHY AIR BALANCE, a/k/a
HABCO BALANCE,

                        Defendants.
_____

## INTRODUCTION

This is an action brought pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA") and section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185. Plaintiffs filed a summons and complaint in this action on September 15, 2003 seeking unpaid employee fringe benefits owed to the plaintiffs pursuant to a collective bargaining agreement ("CBA") between the parties, with additional fees and costs pursuant to the CBA and ERISA (Item 1). By motion filed January 24, 2006, plaintiffs sought partial summary judgment, including a finding that defendant is liable for late fees, costs, and attorney fees (Item 24). Defendant failed to respond or otherwise oppose the motion. At the court's direction, plaintiffs have now filed a superseding motion for summary judgment seeking the above relief in addition to unpaid fringe benefits (Item 33). Again, defendant has failed to respond to the motion. For the reasons that follow, plaintiffs' motion for summary judgment is granted.

**DISCUSSION**

The facts of this case are not disputed. Defendant was bound by a collective bargaining agreement with plaintiffs which provided for the payment of fringe benefit contributions for all covered employees. *See* Item 24, Exh. A; Item 23, Exh. 1, p. 36. Pursuant to the CBA, if the employer fails to pay fringe benefit contributions according to the terms and conditions of the CBA, a charge of 10 percent is added to the amount of the contribution. Item 24, Exh. A, p.33. Defendant has admitted that it was late in its payment of fringe benefit contributions in 2003 and 2004 and did not pay the 10 percent penalty on the late payments. Item 23, Exh. 2. Plaintiffs assert that such late fees total $14,372.70. Item 23, ¶ 13.

Additionally, an audit of defendant's payroll records was conducted to ascertain employee fringe benefit contribution delinquencies. Item 23, Exh. 3. The audit determined that defendant was delinquent in its payment of employee fringe benefits in the amount of $12,922.13. *Id.*

Pursuant to the CBA, if it is necessary for the trustees of the employee benefit plan to retain an attorney to recover unpaid contributions, the employer shall pay the reasonable attorney fees in the amount of 33 1/3 percent of the amount sought. Item 24, Exh. A., p. 33. Additionally, ERISA provides that in an action to recover delinquent contributions, the court may award reasonable attorney fees and court costs. *See* 29 U.S.C. § 1132(g). In this case, plaintiffs seek an award of court costs and attorney fees of $9,135.01, representing those amounts expended prior to the instant motion, with an additional

$1,134.00 in attorney fees expended in converting the previous motion (Item 22) to one for summary judgment.

The court has reviewed the affidavits and exhibits in support of the motion and, finding no genuine issue of material fact, determines that plaintiffs are entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Plaintiffs have established that they are entitled to unpaid employee fringe benefit contributions of $12,922.13, late fees in the amount of $14,372.70, and costs and attorney fees in the amount of $10,269.01.

## CONCLUSION

The plaintiffs' motion (Item 33) is granted.  The Clerk is directed to enter judgment in favor of the plaintiffs in the amount of $37,563.84.

So ordered.

_____\s\ John T. Curtin___
JOHN T. CURTIN
United States District Judge

Dated: February   20 , 2007
p:\pending\2003\03-705.jan1807